## BENJAMIN TOPLIFF *vs.* SAMUEL S. JACKSON.

An action of contract, praying for relief in equity, under the *Sts.* of 1853, *c.* 371, and 1855, *c.* 194, is to be treated as a suit in equity, and as such may be referred to a master in chancery to state an account between the parties.

It is no ground of exception to the report of a master in chancery, in a suit between copartners, that after the plaintiff had testified to the terms of an oral partnership agreement, and the defendant had put in his case, the master allowed the plaintiff to testify that the defendant had agreed to put in a certain amount of capital, although the fact was not alleged in the bill and no evidence had been previously offered in support of it.

In a suit between partners, the account books of the partnership, though inaccurately kept, are *prima facie* evidence against either partner who had access to them.

An agreement for the dissolution of a partnership provided that the assets of the firm should remain in the hands of one of the partners, who agreed that he would therefrom pay the debts of the partnership as they matured, and should be charged interest on the stock and property purchased by him, and on all sums received by him, and credited with interest on all sums by him paid. *Held*, that the continuing partner only agreed to apply the assets to the payment of debts, and did not absolutely assume the payment of them.

A remark by a master in chancery in his report on a suit in equity between partners, that "no sane man, with a knowledge of the true state of the firm's affairs, could intelligently have assumed the obligations which the defendant claims to have been fixed on the plaintiff," is no ground of exception.

ACTION OF CONTRACT, praying for relief in equity, brought on the 1st of October 1855 by one partner against his copartner, in which the plaintiff alleged that on the 15th of April 1845 they entered into copartnership for the purpose of carrying on the flour and commission business, under the name of S. S. Jackson & Co.; that by an oral agreement Topliff furnished $10,000 as capital, and the defendant his services, the profits and losses were to be shared equally, and interest to be reckoned upon all sums which either party should put into or take out of the firm; that the partnership continued until the 11th of January 1854, when it was dissolved by agreement in writing on the following terms and conditions: " The said Topliff is to pay to the said

Jackson the sum of five hundred dollars. The said Topliff is also to take all the stock, property and effects, except the debts of the said firm, at a valuation to be placed upon them by the said parties; and in order to make this valuation, it is agreed that an account of all the property and effects of the said firm shall be taken as soon as conveniently may be." " As to the debts due to the said firm, it is agreed that they shall be collected and settled as soon as it can be conveniently done; and on or before the first day of May next, an equal division of the debts not then collected shall be made between the parties." " The said Jackson retires from the business, and hereby sells and assigns to the said Topliff all his right, title and interest in and to the stand occupied by the said firm, the lease of their store, and the fixtures and furniture therein, and the good will and business of said firm." "And·whereas by this agreement of dissolution it is intended that until the first day of May next the property and assets of said firm are to remain in the hands of said Topliff, the said Topliff agrees that he will from said property and assets pay the debts of said firm as they mature, and that he will keep full, true and accurate books of account of all sums of money collected or paid out by him, and all other matters and things connected with said firm and the settlement of its affairs. And it is agreed that an interest account shall be made upon all receipts and payments, in which the said Topliff shall be charged with interest on the stock and property purchased by him, and on all sums received by him, and credited with interest on all sums by him paid. And it is agreed that on or before the first day of May next there shall be a final settlement between the parties, and the said Topliff shall pay to the said Jackson the amount of his, said Jackson's, capital stock in said firm, and his share or one half part of the stock of goods, fixtures and property of said firm purchased by said Topliff, and also his, said Jackson's, share or one half part of the amount collected by said Topliff; and the debts then remaining shall be divided among the parties as is above provided."

The plaintiff further alleged that on the 13th of October 1854 the debts due to the firm, which were found good and collectable,

having been collected, except two or three disputed claims, not exceeding three hundred dollars in all, the parties, pursuant to said agreement, divided those between themselves, and all other business of third persons with the firm was adjusted and closed ; that the accounts of the partners between themselves, growing out of the business of the firm, remained wholly unadjusted ; that the plaintiff had requested the defendant to account with him, but the defendant had refused ; and that the defendant was indebted to the plaintiff in a large amount, arising out of the business of the firm, but refused to pay. The plaintiff set forth the accounts of the partnership in schedules annexed to his declaration ; alleged that at the time of the dissolution he supposed the partnership to be solvent, when in fact it was at that time insolvent ; that he had no adequate remedy at law ; and prayed for relief in equity, for an account and for general relief.

The defendant in his answer denied many of the plaintiff's allegations, and alleged that by said articles of dissolution the plaintiff " agreed to pay all the debts of the firm and to divide the remaining assets between himself and said Jackson, and that the accounts of the partners should thereby be fully balanced and settled ; and these agreements on the part of said Topliff were parts of the consideration of the agreements by said Jackson ; and the same have been carried out by said Topliff, as the defendant is informed by said Topliff, and thereby the business has been liquidated and settled." The defendant also set up as a special ground of defence that this was an action at law, and not a suit in equity.

The case was referred, against the defendant's objection, to a master in chancery, " to state an account between the parties ; " and the defendant filed exceptions to his report, which, so far as they presented any questions of law, were as follows :

1st. That this was but an action at law, seeking the decision of the court of law, with certain equitable remedies indeed under the *Sts.* of 1853, *c.* 371, and 1855, *c.* 194, following the result of the decision, but to be tried by a jury, and not by a master ; and that his report could at most have no greater weight than that of an auditor.

2d. That after the plaintiff had offered evidence of the oral articles of partnership as alleged in the bill, and after the close of the defendant's testimony, (in which he stated that he did not agree to put in $2500 or any other sum as capital,) the plaintiff was allowed by the master, against the defendant's objection, to introduce as rebutting evidence that the defendant agreed to furnish $2500 as a part of the capital stock, although this was not alleged in the bill.

3d. That the master, as he reported, considered that the books of the partnership were *prima facie* evidence against each partner, it appearing that both had equal access to the books, although the master found that the books were badly kept and not to be relied on.

4th. That the master, upon the construction and effect of the agreement of dissolution, reported as follows : " No sane man, with a knowledge of the true state of the firm's affairs, could intelligently have assumed the obligations which the defendant claims to have been fixed on the plaintiff by virtue of this agreement. But, taking into consideration the situation of the parties at the time, the subject matter of the agreement, and the intent and purpose of the parties, I am of opinion that its true construction is not such as the defendant claims. I consider that the plaintiff did not thereby absolutely assume the payment of the debts of the firm; but that he merely agreed to apply to their payment what he should realize from the assets of which he would have the temporary, but not absolute, control. And as to the mutual rights and obligations of the parties in regard to the final loss resulting from their joint business, I am further of opinion that the provisions of the agreement of dissolution do not modify those rights and obligations as fixed upon the parties by their relation as copartners."

*E. R. Hoar & J. G. King*, for the defendant.

*J. C. Dodge*, for the plaintiff.

This case was decided in February 1860.

MERRICK, J. All the defendant's exceptions to the master's report are overruled.

1. The writ is dated October 1st 1855. The action is there-

Topliff *v.* Jackson.

fore brought under the provisions of § 2 of the *St.* of 1855, *c.* 194, which authorizes a plaintiff, when relief is sought in equity, to state the material facts and circumstances relied on by him, either in the form of a bill or petition to the court, or in a declaration in an action of contract or tort. This, being a suit between copartners, may properly be made a proceeding in equity, independently of the provisions in either of the *Sts.* of 1853, *c.* 371, or 1855, *c.* 194, and was therefore rightly treated as a suit in equity rather than as an action at law; and therefore the order sending it to a master was correct. Rev. Sts. *c.* 81, § 8. *Irvin* v. *Gregory,* 13 Gray, 215.

2. The evidence objected to by the defendant appears to come directly within the rule of rebutting evidence, and was therefore properly received by the master.

3. The conclusion of the master that he considered the books of the partnership *prima facie* evidence against each partner is reasonable in itself, and in conformity to the general rule respecting partners who have actual and equal access to the books. That appears to have been the case in the present instance. There was other evidence upon the subjects of inquiry, for which resort was had to the books, which was considered and weighed by the master in forming his opinion upon the various questions presented to him.

4. The master's construction of the contract of dissolution was correct. The contract provided that the assets of the partnership should be applied to the payment of debts; but made no provision in anticipation of such a contingency as the insufficiency of the assets for that purpose. The remarks of the master, which the defendant calls propositions, including the opinion that the articles of dissolution as construed by the defendant made a bad bargain for the plaintiff, are not subjects of exception. They are, at most, only the arguments or suggestions by which his mind was affected in forming an opinion upon the interpretation to be given to the contract.

*Decree for the plaintiff.*